IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02966-BNB

SOLOMON BEN-TOV COHEN,

    Plaintiff,

v.

DR. ZAKI, Psychiatrist, GEO-ICE Detention Facility, and
CHERYL M. CURTIS, HSA, GEO-ICE Detention Facility,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER

This matter is before the Court on the motion for a preliminary injunction filed by Plaintiff Solomon Ben-Tov Cohen on December 21, 2009. The Court must construe the motion liberally because Mr. Cohen is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. **See Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." **RoDa Drilling Co. v. Siegal**, 552

F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Cohen is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Cohen fails to address each of the four factors necessary to grant a preliminary injunction. In the motion for a preliminary injunction itself, Mr. Cohen merely states that he is seeking a preliminary injunction restoring the medication Adderall and that he took his last dose on the morning of December 10, 2009. He alleges in an attachment to the motion for a preliminary injunction that he has Attention Deficit Hyperactivity Disorder and that he will be unable to draft a pleading in response to an order of the United States Court of Appeals for the Tenth Circuit. Mr. Cohen alleges in his complaint that he has been taking Adderall since September 2008 and that he cannot focus without Adderall.

The Court finds that Mr. Cohen has not made a sufficient showing that he likely will prevail on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. Furthermore, the Court has reviewed the docketing records of Mr. Cohen's cases filed in the District of Colorado and notes that, since December 10, 2009, when he allegedly received his last dose of Adderall, Mr. Cohen has managed to file a notice of appeal in 09-cv-01169-ZLW, motions for appointment of counsel and to

change venue in 08-cv-02188-LTB-CBS, a brief in opposition to a motion to dismiss in 08-cv-02188-LTB-CBS, and a motion to recuse in the instant action. Therefore, the motion for a preliminary injunction will be denied.

Finally, on December 21, 2009, Mr. Cohen filed a document asking that Senior Judge Zita Leeson Weinshienk recuse from this action. That request, which has been docketed as a motion, will be denied as moot because this action is not assigned to Senior Judge Weinshienk. Mr. Cohen's "Motion to Recuse Hon US Judge Zita L. Weinshienk" filed on January 11, 2010, also will be denied as moot. Accordingly, it is

ORDERED that the motion for a preliminary injunction filed on December 21, 2009, is denied. It is

FURTHER ORDERED that the motion seeking the recusal of Senior Judge Zita Leeson Weinshienk filed on December 21, 2009, and the "Motion to Recuse Hon US Judge Zita L. Weinshienk" filed on January 11, 2010, are denied as moot.

DATED at Denver, Colorado, this 20 day of January, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02966-BNB

Solomon B. Cohen
Alien No. 077309675
GEO/ICE Processing Center
11901 E. 30th Ave.
Aurora, CO 80010-1525

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/21/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk