IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02966-LTB-CBS

SOLOMON BEN-TOV COHEN,
    Plaintiff,
v.

DR. ZAKI, Psychiatrist, GEO-ICE Detention Facility, and
CHERYL M. CURTIS, HSA, GEO-ICE Detention Facility,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Mr. Cohen's Motion to Amend Complaint (filed March 4, 2010) (doc. # 28); (2) Defendant Curtis' Motion to Dismiss (filed March 22, 2010) (doc. # 32); (3) Defendant Zaki's Motion to Dismiss (filed March 22, 2010) (doc. # 33); and (4) Mr. Cohen's "Motion for Judgment in Plaintiff's Favor" (filed April 22, 2010) (doc. # 37). Pursuant to the Order of Reference dated January 28, 2010 (doc. # 13) and the memoranda dated March 5, 2010 (doc. # 30), March 23, 2010 (docs. # 34 and # 35), and April 23, 2010 (doc. # 38), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Defendant Curtis' Reply (filed May 10, 2010) (doc. # 39), Defendant Curtis' Response (filed May 10, 2010) (doc. # 40), Defendant Zaki's Reply (filed May 10, 2010) (doc. # 41), Defendant Zaki's Response (filed May 17, 2010) (doc. # 42), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.[1]

---

[1] On March 24, 2010, the court ordered Mr. Cohen to file any response he had to Defendants Zaki's and Curtis' Motions to Dismiss on or before April 23, 2010. (*See* doc. # 36). While Mr. Cohen did not file any document identified as a response, on April 22,

I. Statement of the Case

Mr. Cohen is currently a detainee in the custody of the United States Immigration and Customs Enforcement ("ICE"), a subagency of the Department of Homeland Security ("DHS"). *See* Complaint (doc. # 3) at p. 3 of 24 ("Plaintiff . . . is detained by Immigration and Customs Enforcement at GEO-ICE Detention Facility, Aurora, State of Colorado"). Proceeding *pro se*, Mr. Cohen filed his Complaint on or about December 21, 2009 pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that on December 10, 2009, Defendants discontinued a medication prescribed for Attention Deficit Hyperactivity Disorder ("ADHD") that he had been taking since September 2008. (*See* doc. # 3 at pp. 3-4 of 24). Mr. Cohen alleges that Defendants discontinued the medication in retaliation for a grievance he filed against a nurse at the ICE Processing Center (detention facility) in Aurora, Colorado. (*See id.*, at pp. 4, 18 of 24). Mr. Cohen seeks injunctive relief in the form of an order directing Defendants to continue providing the discontinued medication. (*See id.*, at p. 6 of 24).[2] Defendants Zaki and Curtis move to dismiss Mr. Cohen's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

II. Standard of Review

A court may dismiss a complaint for "failure to state a claim upon which relief can

---

2010 he filed his "Motion for Judgment in Plaintiff's Favor," wherein he "moves the court to deny both motions to dismiss." (*See* doc. # 37).

[2] In his "Motion for Judgment in Plaintiff's Favor," Mr. Cohen also asks for damages against Defendant Curtis in her individual capacity in the amount of $500,000.00. (*See* doc. # 37 at p. 5 of 13).

be granted." Fed. R. Civ. P. 12(b)(6). "[A]ll well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the non-moving party." *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). However, to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556). A complaint must set forth sufficient facts to elevate a claim above the level of mere speculation. *Id.*

III. Analysis

Mr. Cohen identifies Defendant Curtis as the "HSA" of the GEO-ICE detention facility in Aurora, Colorado. "HSA" refers to Health Services Administrator. "GEO" refers to The GEO Group, Inc. Defendant Zaki is employed as a psychiatrist at the GEO-ICE detention facility. As previously recognized in this District, GEO is a private corporation that "operates a detention facility in Aurora, Colorado under contract with the United States Immigration and Customs Enforcement ("ICE") to detain illegal aliens awaiting administrative hearings." *Valencia v. The GEO Group, Inc.*, 2007 WL 628067 * 1 (D. Colo. Feb. 26, 2007).[3] Defendants both argue that Mr. Cohen cannot bring a *Bivens* action against them as employees of a private corporation operating under a

---

[3] Copies of unpublished decisions cited are attached to this Recommendation.

federal contract where he has an alternate state or federal remedy. The court agrees.

In *Peoples v. CCA Detention Center* ("*Peoples I*"), the District Court held that "if other remedies are available – including state negligence actions – the Supreme Court would not extend *Bivens* to private employees of government contractors." 2004 WL 74317 at * 7 (D. Kan. Jan. 15, 2004), *judgment reversed and remanded*, 449 F.3d 1097 (10th Cir. 2006). Finding that the plaintiff had a state tort claim for negligence available to him, the District Court dismissed the *Bivens* claim for lack of subject matter jurisdiction.

In *Peoples v. CCA Detention Ctr.* ("*Peoples II*"), the District Court held that it had jurisdiction over the *Bivens* claims against the individual defendants, but dismissed the claims for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). 2004 WL 2278667 (D. Kan. Mar. 26, 2004). On consolidated appeal of *Peoples I* and *Peoples II*, the Tenth Circuit Court of Appeals reversed *Peoples I* only to clarify that the appropriate basis for dismissing a *Bivens* claim is failure to state a claim upon which relief can be granted, not lack of subject matter jurisdiction. *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1101 (10th Cir. 2005) ("*Peoples III*").

> We agree with the District Court, however, that there is no implied private right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations when alternative state or federal causes of action for damages are available to the plaintiff. Such a claim is therefore properly dismissed under Rule 12(b)(6).

*Peoples III*, 422 F.3d at 1101. The Tenth Circuit Court of Appeals further agreed that the plaintiff in *Peoples I* and *Peoples II* had a state-law remedy and therefore had not stated a claim upon which relief can be granted. *Peoples III*, 422 F.3d at 1108.

On rehearing *en banc,* the Tenth Circuit "determined unanimously that the district

courts had subject matter jurisdiction over these claims." *Peoples v. CCA Det. Ctrs.*, 449 F.3d 1097, 1099 (10th Cir. 2006) ("*Peoples IV*").  The Tenth Circuit was "evenly divided, however, . . . on the question whether a *Bivens* action is available against employees of a privately-operated prison." *Id.* at 1099.  "Because there is no majority on the en banc panel, the district court's ruling in *Peoples II* on this issue is affirmed by an equally divided court." *Id.*

The Fourth and Eleventh Circuits have also declined to extend *Bivens* liability to individual employees of a privately operated prison where state law provides alternate remedies for the inmate's alleged injuries.  *See Alba v. Montford*, 517 F.3d 1249, 1254-55 (11th Cir. 2008) (dismissing complaint under *Bivens* for failure to state a claim for relief where state tort law provides an alternative remedy);  *Holly v. Scott*, 434 F.3d 287 (4th Cir. 2006) (because inmate had alternative causes of action under state law, he could not maintain a *Bivens* action against the individual employees of a private corporation operating a correctional facility (GEO)).  "In both cases, the courts of appeal concluded that where plaintiff has alternative state or federal remedies available, the Supreme Court would not extend *Bivens* liability to employees of a privately operated prison." *Lindsey v. Bowlin*, 557 F. Supp. 2d 1225, 1229-30 (D. Kan. 2008).  *Accord Bustos v. Lappin*, 2008 WL 2323885 at *2 (D. Colo. June 4, 2008) (adopting Recommendation of United States Magistrate Judge that state tort law provided an adequate remedy against individual defendants "such that a *Bivens* cause of action need not be implied.").

Mr. Cohen states, without citation, that the "Ninth Circuit ruled in *Bromfield v. McBurney* that GEO employees <u>can</u> be sued in U.S. District Court." (*See* doc. # 37 at

5

p. 5 of 13).  The court has located *Bromfield v. McBurney,* 2008 WL 2746289 at * 5 (W.D. Wash. 2008) ("Thus, for plaintiff to be entitled to a remedy under Bivens, the Court must determine whether (1) as employees of the GEO Group, Inc., the GEO defendants' actions were of a sufficiently federal character to create constitutional liability, and (2) plaintiff lacks an adequate alternative remedy against the GEO defendants therefor, either under state law or otherwise.") (internal quotation marks and citation omitted).  While noting that the "Ninth Circuit also has not yet been directly presented with" the "specific issue of whether individual employees of a private corporation are themselves subject to *Bivens* liability," *id.* at * 4, n. 2, the court nevertheless denied in part GEO's motion to dismiss pursuant to rule 12(b)(6), finding that plaintiff lacked an adequate alternative remedy for some of his claims.  *Bromfield v. McBurney,* 2008 WL 2746289 at * 13-15.

Defendants cite *Smith v. Puentes*, where the court noted that the Ninth Circuit has not addressed the issue of whether *Bivens* liability extends to employees of a private corporation.  2009 WL 3300360 * 5 (E.D. Cal. 2009) ("How the Ninth Circuit will resolve this question is an open issue.").[4]  The court also noted that the Tenth and Fourth Circuits have "declined to extend *Bivens* to hold individual employees of a private corporation liable." 2009 WL 3300360 at * 4.

First, in light of the clear direction from the Tenth, Eleventh, and Fourth Circuits, this court would not be bound by the Ninth Circuit, which has not addressed the issue of

---

[4] Copies of this unpublished case were previously provided to Mr. Cohen, attached to Defendant Zaki's Reply to the Motion to Dismiss (*see* doc. # 41-1) and to Defendant Zaki's Response to Mr. Cohen's Motion for Judgment (*see* doc. # 42-1).

whether *Bivens* liability extends to employees of a private corporation.  Second, Mr. Cohen has alternative causes of action for his claims.  Mr. Cohen's claim against Defendants Curtis and Zaki is based on the alleged failure to provide him a medication, Adderall.  In Colorado, a plaintiff may bring a medical malpractice claim based on the existence of a duty arising out of the professional relationship between a patient and a physician.  *See Rodriguez ex rel. Rodriguez v. HealthONE*, 24 P.3d 9, 14 (Colo. App. 2000), *rev'd in part on other grounds*, 50 P.3d 879 (Colo. 2002).  A plaintiff may also bring a negligence claim for breach of a legal duty of care.  *See HealthONE v. Rodriguez ex rel. Rodriguez*, 50 P.3d 879, 888 (Colo. 2002) (duty of care may arise even absent a physician-patient relationship).  *See also Grassi v. Corrections Corporation of America*, 354 Fed. Appx. 329, 333 (10th Cir. 2009) (An employer can "be held liable for a nurse's negligence, so long as the nurse was one of its employees and was acting within the scope of employment.") (internal quotation marks and citation omitted);  *State v. Nieto*, 993 P.2d 493 (Colo. 2000) (inmate brought negligence action against jail nurse and her corporate employer for inadequate medical care).  Because Mr. Cohen has alternative causes of action for his claims pursuant to state law for negligence and/or medical malpractice, he cannot maintain a *Bivens* action against Defendants Curtis and Zaki.  Thus, his Complaint is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Mr. Cohen is suing Defendants in both their official and individual capacities. (*See* doc. # 3 at p. 2 of 24).  To the extent Mr. Cohen brings his claims against Defendants in their official capacities, such claims must be dismissed because *Bivens* claims do not lie against private corporations under contract with the federal

government.  *See Correctional Services Corporation v. Malesko*, 534 U.S. 61, 69-74 (2001) (following *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994), where the Court declined to authorize *Bivens* claims against a federal agency, the Court likewise declined to authorize a constitutional-tort remedy against a private entity).  *See also FDIC v. Meyer*, 510 U.S. at 486 (direct action for damages against federal agencies not recognized under *Bivens*);  *Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity – not . . . against officials in their official capacity").  "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. . . The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."  *Malesko*, 534 U.S. at 72.

Even if Mr. Cohen could bring a *Bivens* claim against Defendants, he has not stated a claim.  Mr. Cohen alleges that his Fifth Amendment rights were violated in that without Adderall he "will not be able to file his appeal [in] Case No. 08-cv-02188-LTB-CBS [and] Case No. 09-1510, 10th Cir. by deadline." (*See* doc. # 3 at p. 4 of 24).  The appeal in Case No. 08-cv-02188/09-1510 was dismissed on January 29, 2010 for lack of jurisdiction, as the Order appealed by Mr. Cohen "is interlocutory and not immediately appealable under 28 U.S.C. § 1291 or under any recognized exception to the final judgment rule." (*See* doc. # 102 in Case No. 08-cv-02188-LTB-CBS).  The "irreparable harm" alleged by Mr. Cohen cannot be demonstrated.

8

IV.     Mr. Cohen's Motion to Amend

Mr. Cohen has moved to amend the Complaint. (*See* doc. # 28).  In his Motion to Amend, Mr. Cohen states that "Plaintiff is now under the care of Dr. Gary Kane, psychiatrist and director of mental health at Douglas County Sheriff's Office . . ." and that Dr. Kane "refuses to prescribe Adderall." (*See* doc. # 28 at pp. 1-2 of 6).  Mr. Cohen "asks that this court order Dr. Kane to allow Adderall from other defendants to be dispensed . . . ." (*See id.*, at p. 4 of 6).

Motions to amend are committed to the trial court's discretion.  *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  While Fed. R. Civ. P. 15 requires leave to amend be given freely, *see* Fed. R. Civ. P. 15(a)(2), "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994).  A motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962). See also *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("In determining whether to allow amendment of a complaint, the court typically considers several factors," such as undue prejudice, undue delay, bad  faith, or failure to state a claim) (citation omitted).

After Mr. Cohen filed his Motion to Amend, he filed his "Motion for Judgment in Plaintiff's Favor," wherein he states that "after the defendants were served by the court with this action, they reinstated Plaintiff's Adderall medication, admitted that terminating

the medication was a wrong decision and in fact increased the dose to a higher dose." (*See* doc. # 37 at pp. 3-4 of 13). Mr. Cohen made this representation on or about April 18, 2010, while still in custody at the Douglas County Jail, where he alleges Dr. Kane is employed. (*See* doc. # 37 at p. 8 of 13). Mr. Cohen's own representations appear to render futile his request to amend the Complaint to allege that Dr. Kane refuses to prescribe Adderall to him.

The court may also deny a motion to amend a complaint for failure to submit the proposed amendment. *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading). *See also Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should have held motion to amend in abeyance pending submission of plaintiff's proposed amendment); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion). While Mr. Cohen has cursorily described the amendment he seeks to allege, his intended amendment is not clearly set forth in a proposed Amended Complaint.

Accordingly, IT IS RECOMMENDED that:

1. Defendant Curtis' Motion to Dismiss (filed March 22, 2010) (doc. # 32) be GRANTED.

2. Defendant Zaki's Motion to Dismiss (filed March 22, 2010) (doc. # 33) be GRANTED.

3. Mr. Cohen's "Motion for Judgment in Plaintiff's Favor" (filed April 22, 2010) (doc. # 37) be DENIED.

4. Mr. Cohen's Motion to Amend Complaint (filed March 4, 2010) (doc. # 28) be DENIED.

5. This civil action be DISMISSED for failure to state a claim upon which relief can be granted.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely

objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 28th day of May, 2010.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge