IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02966-LTB-CBS

SOLOMON BEN-TOV COHEN,
    Plaintiff,
v.

DR. ZAKI, Psychiatrist, GEO-ICE Detention Facility, and
CHERYL M. CURTIS, HSA, GEO-ICE Detention Facility,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Cohen's "Request for an Evaluation + Assistance of Counsel" (filed June 10, 2010) (doc. # 45). Pursuant to the Order of Reference dated January 28, 2010 (doc. # 13) and the memorandum dated June 14, 2010 (doc. # 46), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Cohen is currently a detainee in the custody of the United States Immigration and Customs Enforcement ("ICE"), a subagency of the Department of Homeland Security ("DHS"). Proceeding *pro se*, Mr. Cohen filed his Complaint on or about December 21, 2009 pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that on December 10, 2009, Defendants discontinued a medication prescribed for Attention Deficit Hyperactivity Disorder ("ADHD") that he had been taking since September 2008. (*See* doc. # 3 at pp. 3-4 of 24). Mr. Cohen identifies Defendant Curtis as the "HSA" of the GEO-ICE detention

facility in Aurora, Colorado. "HSA" refers to Health Services Administrator. "GEO" refers to The GEO Group, Inc. Defendant Zaki is employed as a psychiatrist at the GEO-ICE detention facility. Mr. Cohen alleges that Defendants discontinued the medication in retaliation for a grievance he filed against a nurse at the ICE Processing Center (detention facility) in Aurora, Colorado. (*See id.*, at pp. 4, 18 of 24). Mr. Cohen seeks injunctive relief in the form of an order directing Defendants to continue providing the discontinued medication. (*See id.*, at p. 6 of 24). On May 28, 2010, the Magistrate Judge issued a Recommendation that Mr. Cohen's Complaint be dismissed for failure to state a claim upon which relief can be granted. (*See* doc. # 44). Mr. Cohen now seeks "a competency evaluation" and "assistance of counsel." (*See* doc. # 45).

I. Competency Evaluation

Mr. Cohen states that "I cannot function intellectually without my prescribed Adderall. I am being denied medication by Bureau of Prisons. I cannot even read or focus on U.S. Magistrate Report. Please order a competency evaluation."

Mr. Cohen brings this civil action in his pro se capacity. Federal courts have no inherent power to order medical examinations in civil cases. The Federal Rules of Civil Procedure authorize the physical or mental examination of a party only in limited circumstances. Fed. R. Civ. P. 35 constitutes the lawful authority necessary for the exercise of a district court's power to order mental and physical examinations of a party in a civil case. Without such lawful authority, the Supreme Court had refused to recognize inherent power in federal courts to order medical examinations in civil cases. *See Union Pac. R. Co. v. Botsford*, 141 U.S. 250, 251 (1891) (enunciating rationale for

denying inherent power). Rule 35(a) provides:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

"Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown." *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990). Mr. Cohen has not demonstrated two of these requirements. Mr. Cohen's mental condition is not in issue in his Complaint alleging that Defendants discontinued his medication in retaliation for a grievance he filed against a nurse at the ICE detention facility in Aurora, Colorado. In his Complaint, Mr. Cohen neither seeks nor alleges he has suffered emotional or mental damages. Nor has Mr. Cohen shown good cause for a mental examination. On April 22, 2010, Mr. Cohen filed his "Motion for Judgment in Plaintiff's Favor," wherein he states that "after the defendants were served by the court with this action, they reinstated Plaintiff's Adderall medication, admitted that terminating the medication was a wrong decision and in fact increased the dose to a higher dose." (*See* doc. # 37 at pp. 3-4 of 13). Mr. Cohen's own representations in the record are inconsistent with his current request.

II.     Assistance of Counsel

Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28

U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Cohen's request for "assistance of counsel" and all of the appropriate factors. As a *pro se* litigant, Mr. Cohen is afforded a liberal

4

construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Cohen has thus far adequately presented his claims unaided by counsel. The issues in the case are not particularly complex. Currently pending is the Recommendation of United States Magistrate Judge that this civil action be dismissed for failure to state a claim upon which relief can be granted. (*See* doc. # 44). At this stage of the proceedings, the court is within its discretion in declining to request counsel to represent Mr. Cohen.

Accordingly,

IT IS ORDERED that Mr. Cohen's "Request for an Evaluation + Assistance of Counsel" (filed June 10, 2010) (doc. # 45) is DENIED.

Dated at Denver, Colorado this 16th day of June, 2010.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge